**William K. BAYLEY**

v.

**Janice S. BAYLEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 19, 1991.
Decided Jan. 29, 1992.

Laurie Kadoch, Verrill & Dana, Portland, for plaintiff.

Jeffrey W. Jones, Bean, Jones & Warren, Scarborough, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and COLLINS, JJ.

COLLINS, Justice.

Janice Bayley appeals from a Superior Court (Cumberland County, *Cleaves, J.*) divorce judgment. Janice contends that the Superior Court abused its discretion in: 1) failing to grant her motion for specific findings of fact; 2) failing to consider the tax consequences arising from the division of the marital estate; 3) not providing her with security for the amount owed to her by her husband, William, under the property settlement; 4) failing to consider the requisite statutory criteria before denying her alimony; and 5) unjustly dividing the marital estate.

Janice and William were married in 1965. During the 25 years they were married, the couple supported themselves by operating Bayley's Lobster Pound in Scarborough. The couple was divorced in 1991.

The divorce judgment ordered William to pay Janice $150,000, $50,000 immediately, and the rest over the next ten years, as part of the property settlement. William was given the business and certain rental properties. Janice got the marital home. Janice was not awarded alimony or legal fees. Janice moved for reconsideration and further findings of fact pursuant to M.R.Civ.P. 52. Janice, by motion, asked the court to make findings with respect to certain assets, and to reconsider its division of the marital estate and its decision not to award alimony or legal fees. The court issued an order, amending the divorce judgment, adding a provision extending William's responsibility to pay for Janice's health insurance but denying her motion in all other respects.

I

Under M.R.Civ.P. 52(a), the Superior Court "shall, upon the request of a party made as a motion.... find the facts specially." However, "[i]f an opinion or memorandum of decision is filed, it is sufficient if the findings of fact and conclusions of law appear therein." Janice contends that the divorce judgment does not contain findings pertaining to a number of marital assets nor does it elaborate on the court's decision not to award alimony or legal fees and she argues that the court's denial of her motion for special findings on these issues was an abuse of judicial discretion.

Janice moved for reconsideration and further findings with respect to 1) the impact of the capital gains tax she would incur on the sale of the marital residence, 2) her need for continued support until the marital residence is sold, 3) the value and designation (as marital or non-marital) of certain personal property in each party's possession, 4) payment of her tax liability for income from the lobster pound, reported but allegedly never received by her, 5) the need to secure the $100,000 owed to her by William, and 6) the need for William to continue to pay her health insurance. At the hearing, Janice also asked that the court clarify its decision not to award alimony or legal fees and explain its division of the marital estate. The court amended the judgment and ordered William to continue to pay her health insurance but denied her motion in all other respects. The original judgment is brief and makes no detailed reference to any of the contested issues.

The divorce court has a duty to make findings sufficient to inform the par-

ties of the reasoning underlying its conclusions and to provide for effective appellate review. *Murray v. Murray*, 529 A.2d 1366, 1368 (Me.1987). As a rule, the omission of factual findings is not fatal to a divorce decree and does not, by itself constitute an abuse of discretion by the divorce court. *Id.* "In the absence of a motion for specific findings of fact and conclusions of law ... we assume that the [divorce court] found all the facts necessary to support the judgment...." *Id.* n. 1. However, here Janice moved for specific findings of fact and her motion was denied. In these circumstances we will not assume the divorce court made the necessary findings to support its judgment. Because the requested findings were not made and the divorce judgment does not contain adequate findings on the contested issues, intelligent review is impossible and the denial of a motion for further findings of fact is an abuse of discretion.

## II

■ Janice argues that the divorce court's failure to consider the capital gains impact on the sale of the marital residence caused it to overestimate its value. The court valued the property at $200,000, finding its fair market value to be $250,000 and subtracting an outstanding $50,000 mortgage. Janice claims that the sale of the house will result in a capital gains tax, state and federal, of approximately $65,000 and therefore the home's net value to her was only $135,000.

■ We have held that "[t]he value of marital assets should be determined as of the time they are distributed without reference to possible future events." *Crooker v. Crooker*, 432 A.2d 1293, 1297 (Me.1981). Unless the sale of assets is ordered by the court, or a party makes it clear that they intend to sell the property, future tax consequences need not be considered. *Id.*

Janice made her intent to sell the property known to the divorce court. She obtained a court order that authorized prejudgment sale of the marital home. She testified that she could not remain in the home because of the costs inherent in maintaining the property. She also told the court that she did not wish to live so close to William, William's business, and William's family (all located within close proximity of the marital home). The divorce court did not have to speculate about a potential sale, the home was listed for sale and by court order a legitimate offer had to be accepted.

The divorce court divided the estate by giving William $501,000 worth of the estate's total value and Janice $481,000 (according to the court's valuation of the assets). A decrease in Janice's share of $65,000 (almost fourteen percent), to offset the capital gains tax due, is significant. In these circumstances the divorce court should have considered the tax consequences of the sale. Had Janice not requested specific findings of fact on this issue, we could have assumed the divorce court took those considerations into account. However, on the record before us it is impossible to tell if the divorce court considered the tax consequences of the sale of the marital residence.

## III

■ Janice contends that the divorce court failed to consider the requisite statutory criteria before denying her alimony. Under 19 M.R.S.A. § 721 (Supp.1990), the court is required to consider fourteen different criteria in making its decision. The court made no findings with respect to the statutory criteria.

■ The evidence may well support the court's decision and, had Janice not requested specific findings of fact, it could have been assumed that the appropriate findings had been made. However, where a party has moved for specific findings of fact the divorce court is obliged to do more than recite the relevant criteria and state a conclusion. *Murray*, 529 A.2d at 1368. On this record, we cannot determine what grounds the decision to deny Janice alimony was premised on and therefore effective review is impossible.

## IV

 Janice further contends that there was an inequitable division of the marital property because the court improperly designated and valued certain personal property in the possession of the parties, did not consider her tax liability for income from the business without the income having been distributed to her, and attributed to her as a share of the marital property one-half of the amount of the bank accounts divided between the parties at the time of their separation without a like attribution being made to William. Janice unsuccessfully moved for specific findings with respect to these matters. From this record it is impossible to determine the consideration, if any, given by the court to these contentions.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.