Arthur J. BONNEVIE

v.

Linda C. BONNEVIE.

Supreme Judicial Court of Maine.

Submitted on Briefs March 3, 1992.
Decided July 28, 1992.

Elliott L. Epstein, Isaacson & Raymond, Lewiston, for plaintiff.

Roscoe H. Fales, Fales & Fales, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Linda C. Bonnevie appeals from a divorce judgment of the District Court (Farmington, *Batherson, A.R.J.*), as affirmed by the Superior Court (Franklin County, *Bradford, J.*). Her sole contention on appeal is that the court's award of alimony is inadequate, arguing that the court's findings compel an award in an amount and duration as she requested. We vacate the judgment.

Linda concedes the accuracy of findings related to the alimony award and endorses the court's division of property. She acknowledges the deferential standard of review applicable to alimony awards, e.g., *Deditch v. Deditch*, 584 A.2d 649, 651 (Me. 1990) (judgment must be affirmed absent violation of some positive rule of law or a plain and unmistakable injustice so apparent that it is instantly visible without argument). She contends, nevertheless, that the present case meets that standard.

Arthur Bonnevie and Linda Bonnevie have been married 28 years. Arthur earns $45,000 per year as a foreman in a paper mill, and his earnings are "likely to increase." He has rights in a pension plan. Linda, on the other hand, can expect to earn no more than $12,500 per year and has no pension rights. The court divided the marital property equally between the parties, including one half of the *present value* of Arthur's pension rights. The court awarded alimony of $100 per week, finding that she could enjoy the standard of living of the parties during the marriage only with such an award. The alimony is temporary, however, ending on the sale of the marital home, which the court ordered placed on the market immediately. Unlike Arthur, the only way Linda is going to be able to maintain the lifestyle enjoyed during the marriage after the termination of the alimony is by consuming her share of the marital property.

Section 722–A(1)(C) of 19 M.R.S.A. (Supp. 1991) requires the court when dividing marital property to consider among other

things the economic circumstances of each spouse. Similarly, section 721(1) requires the court when considering an award of alimony to take into account among other things the length of the marriage, the ability of each party to pay, the income history and potential of each party, the education and training of each party, provision for retirement and health insurance benefits of each party, tax consequences of an alimony award, and the contributions of either party as a homemaker.

The amendment of section 721 by P.L. 1989, ch. 250, § 1 (effective January 1, 1990) was expressly intended to focus attention on an equitable adjustment of the post-divorce economic circumstances of the parties. The Legislature recognized that divorce frequently causes substantial economic hardship to spouses who lack adequate earning capacity. In that spirit we conclude, in the context of this case, that it is inequitable to force a spouse to invade that spouse's marital assets for the benefit of the other. Such a concept defeats the presumably careful and equitable distribution of marital property. Our deferential standard of review reflects the fact that the divorce court must have, of necessity, a considerable range of discretion in arriving at the economic provisions of its judgment. *Williams v. Williams*, 444 A.2d 977, 980 (Me.1982). In the present case, however, the court's alimony award is based on the erroneous premise that Linda should rely on her marital assets to maintain her standard of living. Accordingly, we vacate the judgment and remand to the trial court for reconsideration of the fairness of the economic provisions of the judgment.

The entry is:

Judgment vacated.

Remanded to the Superior Court for entry of an order vacating the judgment and remanding to the District Court for further proceedings consistent with the opinion herein.

All concurring.