**William K. BAYLEY**

v.

**Janice S. BAYLEY.**

Supreme Judicial Court of Maine.

Argued June 19, 1992.

Decided July 31, 1992.

Patricia A. Nelson–Reade (orally), Laurie Kadoch, Verrill & Dana, Portland, for appellant.

Jeffrey W. Jones (orally), Bean, Jones & Warren, Scarborough, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, COLLINS and RUDMAN, JJ.

PER CURIAM.

For the second time, we review a judgment entered by the Superior Court (Cumberland County, *Cleaves J.*) in a divorce

---

action commenced by William Bayley against Janice Bayley. On Janice's first appeal, we remanded the case for further proceedings consistent with the opinion. *See Bayley v. Bayley*, 602 A.2d 1152 (Me. 1992) (*Bayley I*). Because the trial court did not comply with our prior mandate, we again vacate the Superior Court judgment and remand for further proceedings.

The facts in this case, which are set out more fully in *Bayley I*, may be summarized as follows. Janice and William Bayley were married in 1965. The Superior Court entered a divorce judgment on January 17, 1991. The court estimated the parties' marital assets including their incorporated lobster business and the marital home to be worth approximately $982,000. The trial court set aside to William the corporation and other assets with a total value of $501,-000. Janice received the family home and additional assets worth a total of $481,000. The court did not require either party to pay alimony or attorney fees.

On Janice's first appeal, we instructed the divorce court to consider the economic provisions of the judgment, including the capital gains tax liability arising on the sale of the marital home, the income tax liability resulting from the profits of the corporation, William's pre-judgment depletion of marital assets valued at approximately $34,000, and Janice's entitlement to alimony. On remand, the divorce court, simply stated that it had already considered the capital gains and income tax liabilities and alimony, and that its previously entered judgment "is appropriate in all respects and includes a fair and equitable division of marital property." [1]

■ The divorce court did not comply with our instructions. We instructed the court to consider the capital gains tax that will be due on the sale of the marital home. *Id.* at 1154. We explained that because Janice made "her intent to sell the property known to the divorce court," the court

"should have considered the tax consequences of the sale." *Id.* It is no answer for the court to say, as it did here on remand, that it gave Janice an option not to sell the house since that is an option that she is not in a position to exercise. As we noted in *Bayley I*, Janice testified that she could not remain in the home because of the costs inherent in maintaining the property and because she did not wish to live so close to William, William's relatives and to the lobster business (all located within close proximity of the marital home). *Id.* We remand again for a consideration of the tax implications of the sale of the marital home. Because the estimated liability for the capital gains tax is substantial, ($65,-000, almost 14% of Janice's share of the marital property), and thus will have a significant impact on the other economic provisions of this divorce judgment, we direct the trial court on remand to reassess the fairness of all the economic provisions of the judgment including alimony and attorney fees. *See Cole v. Cole*, 561 A.2d 1018, 1021 (Me.1989).

■ Since the divorce court will be considering alimony together with the division of marital property, we wish to make clear that the judicial division of marital property in a divorce is a separate question from that of alimony. The fact that a party has received a portion of the marital assets does not necessarily bar that party from receiving alimony. When, as in this case, one party to the divorce is awarded the family business, while the other party receives the marital residence, that division may well result in one party being entitled to alimony. The two assets may be of equal value, but the business is a source of income, and the upkeep of the marital home an expense, or in the event of its sale a wasting asset. Such inequities must be considered by the divorce court when determining an award of alimony under 19 M.R.S.A. § 721 (Supp.1991).[2] *See Bonnevie v. Bonnevie*, 611 A.2d 94 (Me.1992).

---

1. The divorce court, on remand, made no reference at all to William's depletion of marital assets.

2. 19 M.R.S.A. § 721 provides "The court shall consider the following factors when determining an award of alimony:
   A. The length of the marriage;
   B. The ability of each party to pay;

We remand the case for reconsideration by a judge other than the judge who already heard this case. From the record, it appears that the trial judge may have been improperly influenced, albeit unconsciously, by the failure of Janice's attorney to provide this court with a transcript of the hearing on her motion for further findings of fact. Because of the passage of time since the case was first tried in November 1990, we direct the trial court to allow the parties to introduce additional evidence of their economic circumstances during the period of time since trial, including evidence of their income tax liability arising from income earned by their Chapter S corporation and not distributed to them.

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

C. The age of each party;

D. The employment history and employment potential of each party;

E. The income history and income potential history of each party;

F. The education and training of each party;

G. The provisions for retirement and health insurance benefits of each party;

H. The tax consequences of the division of marital property, including the tax consequences of the sale of the marital home, if applicable;

I. The health and disabilities of each party;

J. The tax consequences of an alimony award;

K. The contributions of either party as homemaker;

L. The contributions of either party to the education or earning potential of the other party;

M. Economic misconduct by either party resulting in the diminution of marital property or income;

N. The standard of living of the parties during the marriage; and

O. Any other factors the court considers appropriate...."