Ralph D. JONES

v.

Jean W. JONES.

Supreme Judicial Court of Maine.

Submitted on Briefs June 1, 1992.
Decided Aug. 6, 1992.

Joan K. Atchinson, Mittel, Asen, Eggert & Hunter, Portland, for plaintiff.

Dana E. Prescott, Potter & Prescott, Saco, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Defendant Jean W. Jones appeals from a divorce judgment of the Superior Court (York County, *McKinley, A.R.J.*). Jean argues that the court erred in failing to set aside to her as her nonmarital property the home in Biddeford that served as the family residence during her marriage. Because the stated rationale for the Superior Court's decision is not supported by the record, we vacate the judgment and remand the case to the Superior Court.

Jean and Ralph D. Jones were married in 1958 at the ages of 16 and 20, respectively. They have no children. In 1975, they jointly acquired property in St. Albans. In 1976, they jointly acquired property in Biddeford that became their home. In 1978, Ralph filed for divorce and moved out. At that time, the Joneses executed deeds in which Ralph transferred all his "right, title and interest" in the Biddeford property to Jean, and Jean transferred all her "right, title and interest" in the St. Albans property to Ralph. After only seven or eight months of separation, however, the Joneses reconciled and Ralph dismissed the divorce action and moved back to Biddeford. The properties were never reconveyed and, until the parties separated again in 1988, all payments on the Biddeford property were made from the Jones's joint bank account into which both deposited their paychecks. In 1982, Ralph sold the St. Albans property for a net profit of about $17,000.[1]

In 1988, they separated again and in 1989 Ralph initiated the present divorce action.[2] He terminated his involvement in their jointly-owned lawn care and landscaping business and later conveyed all of his interest in the business to Jean. Ralph has not contributed to the upkeep of the Biddeford property since 1988. The property has not been added to or significantly improved since the parties' reconciliation in 1978.

The court determined that the business was Jean's separate nonmarital property, excluded from the marital estate by a "valid agreement of the parties" within the meaning of 19 M.R.S.A. § 722–A(2)(D) (1981).[3] Rejecting, however, Jean's conten-

---

1. The evidence of what happened to this money was contradictory. Jean testified that she never received any of the proceeds from the sale. Ralph testified that part of the money was used to buy a piano as a gift to Jean and the rest was used to pay for a trip to Italy that they took together.

2. Ralph brought the action in the District Court. Pursuant to M.R.Civ.P. 76C, Jean removed the case to Superior Court.

3. 19 M.R.S.A. § 722–A(2) provides as follows:
   **2. Definition.** For purposes of this section only, "marital property" means all property acquired by either spouse subsequent to the marriage, except:

   **A.** Property acquired by gift, bequest, devise or descent;
   **B.** Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise or descent;
   **C.** Property acquired by a spouse after a decree of legal separation;
   **D.** Property excluded by valid agreement of the parties; and
   **E.** The increase in value of property acquired prior to the marriage.

tion that the Biddeford property had been similarly excluded from the marital estate, the court determined it to be marital and set it aside to Jean on the condition that she execute a note to Ralph for $75,000, secured by a mortgage on the property.[4] Following the court's denial of her motion for findings of fact and conclusions of law on the issue of the marital status of the Biddeford property, Jean appealed to this court.[5]

The division of property in a divorce proceeding is governed by 19 M.R.S.A. § 722–A (1981 & Supp.1991).[6] Subsection 3 of that statute provides that all property acquired subsequent to the marriage is presumed to be marital property unless it is shown to have been acquired or excluded from the marital estate by one of the methods in subsection 2.[7] Section 722–A(2)(D) provides that the parties may agree to exclude certain property from the estate by agreement. *See supra* note 3. The party claiming that the property acquired during the marriage is nonmarital, in this case Jean, bears the burden of proof. *Terison v. Terison*, 600 A.2d 1123, 1124–25 (Me.1992), *Lee v. Lee*, 595 A.2d 408, 410 (Me.1991). We review a trial court's determination of whether property is marital or nonmarital for clear error and will not disturb that determination if there is competent evidence in the record to support it. *West v. West*, 550 A.2d 1132, 1133 (Me.1988).

The trial court properly recognized that because the property was acquired by Jean during the marriage, it was presumptively marital property under section 722–A(3). The court's reasoning behind its further conclusion that Jean failed to over-come this presumption is, however, quite unclear. In concluding that Jean failed to overcome the presumption that the property was marital, the only specific finding made by the court was that the exchange of deeds bore a "relationship to the reconciliation" of the Joneses. There is no support in the record for this finding. Jean testified that the transfer was made simply because Ralph wanted the St. Albans property and she the Biddeford residence. Ralph, in turn, testified that the transfer was made as part of their impending divorce. The record discloses no testimony that the transfer was conditioned on the parties divorcing at that time, or that it was to be voided by, affected by, or related to their reconciliation.

While it is true that a property settlement made in anticipation of divorce may be abrogated by a subsequent reconciliation of the parties, essential to such a result is an intent on the part of the parties, either at the time of the settlement or at the time of the reconciliation, that the settlement be so abrogated. *See* Annotation, *Reconciliation as Affecting Separation Agreement or Decree*, 35 A.L.R.2d 707, 717 (1954). In this case there was no evidence of, and the court made no specific finding that, the parties intended to abrogate the settlement upon reconciliation. *See id.* at 719–27. Moreover, because the court refused Jean's request for specific findings of fact and conclusions of law on that very issue, we cannot assume that the court made all necessary findings to support its decision. *Bayley v. Bayley*, 602 A.2d 1152, 1154 (Me.1992). We therefore must vacate the judgment.

**4.** The court found that the Biddeford property had a value of $215,000. The property was subject to a $56,000 mortgage.

**5.** Ralph filed a cross-appeal, but has made no separate cross-appeal argument in his brief to this court.

**6.** 19 M.R.S.A. § 722–A is based on section 307 of the 1970 version of the Uniform Marriage and Divorce Act. *Zillert v. Zillert*, 395 A.2d 1152, 1154 (Me.1978)

**7.** 19 M.R.S.A. § 722–A(3) (1981) states:

All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety and community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection 2.

Contrary to Jean's contention, the record does not *compel* a finding that Ralph and Jean intended that the Biddeford property be excluded from the marital estate, *see Luce Co. v. Hoefler*, 464 A.2d 213, 215 (Me.1983), but, on remand, for purposes of facilitating appellate review and informing the parties of the basis of its decision, *see Murray v. Murray*, 529 A.2d 1366, 1368 (Me.1987), the Superior Court should directly address Jean's contention that she has met her burden of showing the existence of a valid agreement under section 722–A(2)(D) to overcome the presumption that the Biddeford property, acquired during the marriage, is marital.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.