Kathleen E. FITCH

v.

Robert D. FITCH.

Supreme Judicial Court of Maine.

Submitted on Briefs May 13, 1994.

Decided Aug. 5, 1994.

Lowell D. Weeks, Lowell Dunn Weeks, P.A., Windham, for plaintiff.

Jack L. Schwartz, Schwartz & Schwartz, P.A., Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Robert D. Fitch appeals from a judgment of divorce entered in the Superior Court (Cumberland County, *Cleaves, C.J.*). Because the factors relied on by the court in its determination of what constitutes marital property and separate property pursuant to 19 M.R.S.A. § 722–A(2), (3) (1981), do not adequately appear in the record, we vacate the judgment.

Robert and Kathleen Fitch were married in 1986. For the first two years of their marriage they lived in a house in Amesbury, Massachusetts, that Kathleen had purchased in 1983. In 1988, the couple purchased land in Sebago, Maine, and constructed a log cabin home. Kathleen obtained a second mortgage on the Amesbury home and paid $20,000 cash from her own separate bank account towards construction costs. Kathleen also took out a $70,000 construction loan. Robert moved to Maine prior to Kathleen so he could work on the construction of the log

cabin full time. After selling the Amesbury home, Kathleen moved to Maine. Kathleen put $9000 of the proceeds from the sale of her Amesbury home toward the new cabin.

Prior to moving to Maine, Kathleen had a supervisory position with New England Telephone at a salary of about $40,000 per year. Because of a degenerative eye disease that has left her legally blind, Kathleen has stopped working and collects a disability pension of approximately $1000 per month. She also collects social security of about $1200 per month.

Robert, too, has a disability from a 1990 back injury. According to his doctor, Robert suffers a thirty percent permanent impairment and he is not supposed to do any lifting or rigorous work. Except for the work he performed on the log cabin and homemaking chores, Robert has not worked in several years except to do occasional odd jobs.

In October 1991, Kathleen and Robert separated and Kathleen brought a divorce action in the District Court (Bridgton). Robert removed the action to the Superior Court. *See* M.R.Civ.P. 76C. The judgment entered by the court characterized the bulk of the couple's property as nonmarital and belonging to Kathleen, and divided it accordingly. Robert requested additional findings of fact and conclusions of law. *See* M.R.Civ.P. 52. The court issued findings in response. Robert's appeal followed.

■ In addressing issues of property, a divorce court must

"(1) determine what of the parties' property is marital and what is nonmarital, including the contributions each may have made to the acquisition of the marital property, recognizing the contribution of a spouse as a homemaker;

(2) set apart to each that spouse's nonmarital property; and

(3) divide the marital property between them in such proportion as the court deems just."

*West v. West,* 550 A.2d 1132, 1133 (Me.1988) (quoting *Grishman v. Grishman,* 407 A.2d 9, 11 (Me.1979)).

Robert contends, *inter alia,* that the court failed to follow the mandates of 19 M.R.S.A. § 722–A in its determination of marital and nonmarital property, particularly with respect to the log cabin and the savings plan with Kathleen's employer, prior to division of the marital property.[1]

■ We review a divorce court's determination of whether property is marital or nonmarital for clear error, and will not disturb that determination if there is competent evidence in the record to support it. *Jones v. Jones,* 611 A.2d 575, 577 (Me.1992); *West,* 550 A.2d at 1133.

19 M.R.S.A. § 722–A (1981) provides in pertinent part:

2. Definition. For purposes of this section only, "marital property" means all property acquired by either spouse subsequent to the marriage, except:

A. Property acquired by gift, bequest, devise or descent;

B. Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise or descent;

C. Property acquired by a spouse after a decree of legal separation;

D. Property excluded by valid agreement of the parties; and

E. The increase in value of the property acquired prior to the marriage.

3. Acquired subsequent to marriage. All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety and community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection 2.

In order for the review of such a determination to be adequate, however, the record

1. Even though the deed to the property recites that Robert and Kathleen are owners in joint tenancy, Robert did not sign the promissory notes, and he does not contest the court's finding that Kathleen did not intend to make a gift of the real estate to him.

must be sufficient. *See State v. Kneeland*, 552 A.2d 4, 5–6 (Me.1988). The parties are responsible for providing the court with sufficient information as to their assets, whether those assets are claimed to be marital or nonmarital, *see* M.R.Civ.P. 80(c), and sufficient evidence as to the source of those assets in order for the court, pursuant to 19 M.R.S.A. § 722–A, to designate those assets as marital or nonmarital. *See Williams v. Williams*, No. 6969, 645 A.2d 1118 (Me.1994).

■ The omission of factual findings or reasons for the Court's decision does not by itself render a divorce judgment invalid. *See Shirley v. Shirley*, 482 A.2d 845, 848 n. 1 (Me.1984). When a good faith request for findings of fact and conclusions of law pursuant to M.R.Civ.P. 52(a) is made, however, the court has a duty to make findings and to disclose the reasoning underlying its property determinations sufficient to inform the parties, so that an intelligent decision can be made as to an appeal, and to allow for effective appellate review. *Bayley v. Bayley*, 602 A.2d 1152, 1153–54 (Me.1992); *Murray v. Murray*, 529 A.2d 1366, 1368 (Me.1987). When there is a justified request for findings, the court is "obliged to do more than recite the relevant criteria and state a conclusion." *Bayley*, 602 A.2d at 1154. In this case, because the court's divorce judgment contained little more than conclusions of its determinations as to marital and nonmarital property, Robert's request for additional findings, although not in proper form,[2] was justified under Rule 52(a).

The additional findings made by the court in response to Robert's request, although they did provide some information with regard to the character of the log cabin, especially relating to Kathleen's contributions to the purchase price, did not calculate Robert's contribution to the payment of the mortgage during the marriage, or his contributions in carpentry work.[3] *See Noyes v. Noyes*, 617 A.2d 1036, 1038 (Me.1992); *see also Axtell v. Axtell*, 482 A.2d 1261, 1264 (Me.1984).

The additional findings are also inadequate to allow effective appellate review of the court's determination regarding Kathleen's employment savings plan. The documentary evidence shows that Kathleen's savings fund with her employer grew by about $50,000 during the years of the marriage. Because this increase occurred during the time that Kathleen and Robert were married, it is presumed to be marital property. 19 M.R.S.A. § 722–A(3). In its judgment and findings, however, the court does not explain how it reached the conclusion that only $19,000 of the total value of the fund is marital property. We do not suggest that this result is necessarily wrong, merely that it is insufficiently explained by the court's findings and not apparent in the record. As the party alleging that the property is nonmarital, Kathleen has the burden to overcome the presumption that the growth of the fund during the period of the marriage was not attributable to marital funds. *Terison v. Terison*, 600 A.2d 1123, 1124–25 (Me.1992). This record does not support a conclusion that Kathleen overcame that presumption.

Because the court's findings were insufficient to support this judgment, we vacate and remand to the trial court for further proceedings. On remand, the parties must assume primary responsibility for providing the court with the necessary facts to make a careful and reasoned decision.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**2.** Robert's request for findings of fact was lengthy and in the form of interrogatories. M.R.Civ.P. 52 does not require the court to respond exhaustively to a multitude of interrogatories. The court is obligated only to set forth specific factual findings and conclusions of law to inform the parties of its reasoning and to allow informed appellate review of its decision.

**3.** Robert also contends that the court failed to consider his homemaking and economic contributions to the marriage when it divided the property. *See* 19 M.R.S.A. § 722–A(1)(A) (1981).