MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 15
Docket:        Yor-15-231
Submitted
  On Briefs:  November 19, 2015
Decided:       January 19, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

KEVIN DUBE

v.

LISA DUBE

HUMPHREY, J.

[¶1]  Kevin Dube appeals from a divorce judgment entered in the District Court (Biddeford, *Janelle, J.*).  He argues that the court abused its discretion in setting his rights of contact with the parties' daughter by (1) depriving him of overnight visitation with his daughter, and (2) failing to set a specific contact schedule.  He also challenges the judgment as to the spousal and child support awards, arguing that the court erred in finding that Kevin earns $175,000 per year—a finding underpinning both awards.  For the following reasons, we conclude that the court did not abuse its discretion in setting Kevin's rights of contact.  However, because we conclude that the court erred in its finding regarding Kevin's income, we vacate the judgment as to the spousal and child support awards and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

[¶2]   The following facts, drawn from the record in this contested divorce matter, are undisputed.  Kevin and Lisa Dube were married on December 24, 2002, and have a fourteen-year-old daughter.[1]  Kevin is a merchant marine engineer who works the majority of the year on the Great Lakes.  Lisa is a homemaker who earned some income over the course of the marriage through self-employment.

[¶3]   Kevin filed a complaint for divorce on March 25, 2014.  On February 10, 2015, a final divorce hearing was held in the District Court,[2] and on March 13, 2015, the court entered a final divorce judgment granting Lisa and Kevin shared parental rights and responsibilities and stating,

> Kevin shall have the right to visit with and be visited by [their daughter] at all reasonable times when he is in Maine during time off from his work on the Great Lakes.  The parents shall confer to set up a workable schedule.  Lisa and Kevin should be flexible in scheduling parenting time and should consider the benefits to [their daughter] of frequent, meaningful and regular contact with each parent and the schedules of the child and each parent.  Both parents shall provide the other parent direct telephone access to [their daughter].  Phone calls made to [their daughter] shall be promptly returned.

The court stated that it had "made certain findings regarding the parties' incomes and Parental Support Obligation set forth in the Child Support Worksheet that are incorporated herein" and ordered that Kevin pay $325 per week in child support.

---

[1]  Kevin also has one adult child from a previous relationship.

[2]  The hearing was delayed in part to accommodate Kevin's work schedule in the Midwest.

The worksheet lists Lisa's gross income as $25,000 per year and Kevin's as $175,000. The court also ordered that Kevin pay general spousal support of $3,300 per month for six years, stating,

> The [c]ourt considered all of the factors listed in 19-A M.R.S. § 951-A [2015] in arriving at this spousal support award. The [c]ourt finds that Kevin currently earns significantly more income than Lisa and that he has a much greater earning potential than Lisa. This spousal support award allows both parties to maintain a reasonable standard of living after the divorce.

[¶4] On March 23, 2015, Kevin filed a motion to alter or amend the judgment, pursuant to M.R. Civ. P. 59(e), and a motion for findings of fact, pursuant to M.R. Civ. P. 52(a),[3] concerning, in relevant part, his rights of contact with his daughter and the court's finding regarding his income.[4] After the court denied both motions without indicating its reasoning, Kevin timely appealed to us pursuant to 14 M.R.S. § 1901 (2015) and M.R. App. P. 2.

---

[3] Maine Rule of Civil Procedure 52 was recently amended, *see* 2015 Me. Rules 15 (effective Sept. 1, 2015), but these amendments do not affect this appeal.

[4] Both parties note that the final judgment is captioned "Defendant's Proposed Divorce Judgment." However, the text of the judgment does not indicate that the court simply copied Lisa's proposed judgment. *See Jarvis v. Jarvis*, 2003 ME 53, ¶ 14, 832 A.2d 775 ("[A] trial court's verbatim adoption of findings or orders proposed by one party in a case is disfavored . . . .").

## II. DISCUSSION

### A. Rights of Contact

#### 1. Overnight Visitation

[¶5] Kevin contends that the court erred by "depriving" him of overnight visitation with his daughter. We review determinations of rights of contact for abuse of discretion. *Sullivan v. Doe*, 2014 ME 109, ¶ 19, 100 A.3d 171. Generally, a trial court is "afforded broad discretion to determine the custodial arrangements for a minor child." *Jackson v. MacLeod*, 2014 ME 110, ¶ 23, 100 A.3d 484. Because Kevin did not timely move for findings on the issue of rights of contact,[5] we assume that the District Court made all the findings necessary to support its judgment on that issue, if those findings are supported by the record. *See Young v. Young*, 2015 ME 89, ¶ 5, 120 A.3d 106.

[¶6] A court's discretion in determining rights of contact is constrained by the principle that "except when a court determines that the best interest of a child would not be served, it is the public policy of this State to assure minor children of

---

[5] Kevin's Rule 52(a) motion for findings of fact was untimely as to the issue of his rights of contact with his daughter. Kevin filed the motion ten days after the divorce judgment was docketed, but M.R. Civ. P. 52(a) establishes a seven-day deadline. Kevin contends that his motion should be treated as a Rule 52(b) motion for *additional* findings of fact, with a fourteen-day deadline, *see* M.R. Civ. P. 52(b), notwithstanding the motion's caption. However, we have established that a motion for findings of fact is governed by Rule 52(a) when the trial court "had not issued findings of fact and conclusions of law *on the issues that were the subject of the motion.*" *Young v. Young*, 2015 ME 89, ¶ 10, 120 A.3d 106 (emphasis added). Because the court did not make any findings as to parent-child contact in the judgment, Kevin's motion was governed by Rule 52(a) as to that issue, and was therefore untimely.

frequent and continuing contact with both parents." 19-A M.R.S. § 1653(1)(C) (2015). The District Court did not determine that frequent contact with Kevin would not be in his daughter's best interest. We therefore assume that the court made the necessary findings to support its judgment that Kevin and Lisa can work together to create a schedule assuring their daughter of frequent and continuing contact with Kevin.

[¶7] The record demonstrates that such cooperation is possible. Lisa testified that she would like to keep Kevin involved in their daughter's life, and that she has the ability to co-parent and communicate with Kevin. Lisa proposed that Kevin would have the right to "visit with and be visited by" their daughter every other day when he is home in Maine, from noon until 8:00 p.m. on days when she is not in school, and from 3:30 p.m. until 8:00 p.m. on school days. Finally, Lisa testified that it was Kevin who did not keep to the contact schedule during the pendency of the divorce by missing scheduled visits with their daughter.

[¶8] Kevin's contention that the court "deprived" him of overnight visitation is not accurate. Despite evidence in the record that Lisa will not allow Kevin to visit overnight with their daughter, the court's judgment does not itself purport to limit overnight visitation in any way. If the parties are able, over time, to agree to expanded visits between Kevin and his daughter, the judgment will not prevent that.

6

### 2.    Contact Schedule

[¶9]  Kevin also argues that the court abused its discretion by denying his timely motion to alter or amend the judgment to include a specific contact schedule for the times when he is in Maine.  Essentially, Kevin's argument is based on his contention that the lack of a specific contact schedule "will jeopardize any continuing relationship with [his daughter] and undoubtedly require further legal proceedings."[6]  "We review a trial court's grant or denial of a motion seeking clarification and amendment of a judgment for an abuse of discretion." *Theberge v. Theberge*, 2010 ME 132, ¶ 21, 9 A.3d 809.  There is evidence in the record supporting the court's finding that Lisa and Kevin can arrange a contact schedule ensuring frequent and continuing contact between Kevin and his daughter.  For these reasons, we affirm the judgment as it pertains to rights of contact.[7]

---

[6]  Kevin's Rule 59 motion was timely, *see* M.R. Civ. P. 59(b), but he has not preserved the argument that the court's judgment is ambiguous or vague as to the rights of contact because he failed to raise that issue in his motion.  *See Foster v. Oral Surgery Assocs., P.A.*, 2008 ME 21, ¶ 22, 940 A.2d 1102 ("An issue raised for the first time on appeal is not properly preserved for appellate review.").

[7]  We note that if Lisa denies Kevin "frequent, meaningful and regular contact" with their daughter in violation of the judgment, Kevin can seek modification of the terms of rights of contact and remedial sanctions.  19-A M.R.S. § 1653(7) (2015); M.R. Civ. P. 66; *see Hogan v. Veno*, 2006 ME 132, ¶¶ 19-20, 909 A.2d 638.

B.    Spousal Support

[¶10]  Kevin argues that the trial court's findings are inadequate to sustain the amount of the spousal support award.  We review a decision regarding spousal support for abuse of discretion.  *Jandreau v. LaChance*, 2015 ME 66, ¶ 14, 116 A.3d 1273.  The trial court "has a duty to make findings sufficient to inform the parties of the reason underlying [its] conclusions and to provide for effective appellate review."  *Brown v. Habrle*, 2008 ME 17, ¶ 10, 940 A.2d 1091 (quotation marks omitted).  Because Kevin timely moved for findings of fact on his income,[8] which is a consideration underlying a court's spousal support award, *see* 19-A M.R.S. § 951-A(5)(B), (E), we cannot assume that the court's findings were sufficient to support the judgment.  *See Douglas v. Douglas*, 2012 ME 67, ¶ 27, 43 A.3d 965 (stating that when a motion for findings has been filed and denied, "the court's decision must include sufficient findings to support its result or the order must be vacated"); *Bayley v. Bayley*, 602 A.2d 1152, 1154 (Me. 1992)

---

[8]  We treat Kevin's motion for findings of fact as a timely Rule 52(b) motion regarding the issue of his income because the court *did* make findings on that issue.  *See Most v. Most*, 477 A.2d 250, 256 n.2 (Me. 1984) (stating that we will regard a motion as though it were brought pursuant to the appropriate rule of civil procedure, regardless of its caption).

Because Kevin did not raise the calculation of Lisa's income as an issue in his Rule 59 motion, or move for findings on this issue in his Rule 52 motion, his argument that the trial court improperly calculated Lisa's income in regards to the spousal and child support awards is not preserved, and there is no obvious error.  *See Foster*, 2008 ME 21, ¶ 22, 940 A.2d 1102.  Kevin's motion for findings of fact was also untimely as to Lisa's alleged economic misconduct because the court did not make findings on that issue.  Nevertheless, the evidence on that issue could reasonably have led the court to conclude that Kevin and Lisa were equally to blame for their poor financial situation.

8

("[W]here a party has moved for specific findings of fact the [court] is obliged to do more than recite the relevant criteria and state a conclusion.").

[¶11]  Kevin's most recent child support affidavit and financial statement both listed his estimated income as $136,420 for 2015.  The court did not provide any explanation for its finding, contained in the child support worksheet, that Kevin's gross income is $175,000, and it is not clear whether the court was imputing income to Kevin, despite his testimony that he is planning to no longer take additional "winter work," or basing its finding on previous years in which Kevin had made more than $136,000.

[¶12]  We have vacated and remanded a divorce judgment where the trial court relied on something other than a party's most recent statement of income without providing its reasons for doing so, or otherwise arrived at an income figure without adequate explanation.  *See Williams v. St. Pierre*, 2006 ME 10, ¶¶ 9-10, 889 A.2d 1011 (vacating and remanding the judgment because the "court may have had a reason for concluding that Williams's earning capacity was higher than the earnings estimated by his most recent child support affidavit, but without explicit findings to justify the reliance on the older affidavit, our appellate analysis is hindered"); *Jarvis v. Jarvis*, 2003 ME 53, ¶¶ 22-23, 832 A.2d 775 (vacating and remanding the judgment because the "trial court did not state its reasoning for ignoring [the party's] current income and relying on his income . . . from his

former employment"); *Payne v. Payne*, 2006 ME 73, ¶¶ 10-11, 899 A.2d 793 (vacating and remanding the judgment where it was unclear whether an income finding was based on imputation of income by the court).

[¶13] The trial court, despite Kevin's Rule 52 motion, did not make findings concerning Kevin's income sufficient to inform the parties of the reasoning underlying its conclusion and to provide for effective appellate review. It is possible that Kevin "currently earns significantly more income than Lisa" no matter how his income is computed, but we cannot speculate how a different calculation of Kevin's gross income would inform the trial court's spousal support award. Because we conclude that the court's finding regarding Kevin's income, which the court implicitly relied upon in determining the spousal support award, is insufficient to support the judgment, we vacate the spousal support award and remand the matter for further proceedings regarding spousal support. [9]

C.    Child Support

[¶14]    Finally, Kevin contends that the child support award should be vacated and remanded because of the court's unsupported finding regarding his income. We review an award of child support for abuse of discretion. *Young*,

---

[9] Kevin also argues that the trial court erred in setting the duration of the spousal support award. Because we are vacating the spousal support award in its entirety, we do not address this aspect of the award. However, we remind the trial court to consider the rebuttable presumption controlling the duration of spousal support awards, 19-A M.R.S. § 951-A(2)(A)(1) (2015), on remand.

2015 ME 89, ¶ 7, 120 A.3d 106. Because the court's finding concerning Kevin's income, which is cited in connection with the child support award, is insufficient to support the judgment for the reasons discussed above, we also vacate the child support award and remand the matter for further proceedings regarding child support.[10]

The entry is:

> Judgment as to spousal and child support vacated.
> Judgment affirmed in all other respects. Remanded
> for further proceedings consistent with this opinion.

**On the briefs:**

Gene R. Libby, Esq., and Tyler J. Smith, Esq., Libby O'Brien Kingsley & Champion, LLC, Kennebunk, for appellant Kevin Dube

Jeffrey P. Buhrman, Esq., South Portland, for appellant Lisa Dube

Biddeford District Court docket number FM-2014-111
FOR CLERK REFERENCE ONLY

---

[10] In her brief, Lisa asks us to require Kevin to pay her attorney fees because she contends that his appeal is frivolous. Ordinarily, a request for sanctions of this kind must be made in a separately filed motion. M.R. App. P. 13(f). In addition, as we are vacating and remanding the judgment in part, it is clear that Kevin's appeal does not meet the usual standard for sanctions—an "egregious case" of an obviously frivolous appeal taken with no reasonable likelihood of prevailing, or with the purpose of causing delay. *See id.*; *Estate of Dineen*, 2006 ME 108, ¶ 8, 904 A.2d 417.