MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2023 ME 37
Docket:       And-22-170
Submitted
  On Briefs:  December 28, 2022
Decided:      July 11, 2023

Panel:        STANFILL, C.J., and MEAD, JABAR, HORTON, and CONNORS, JJ.

JACK PERREAULT

v.

BRIANA VALLIERES

STANFILL, C.J.

[¶1]  Briana Vallieres appeals from the District Court's (Lewiston, *S. Driscoll, J.*) amended divorce judgment and from the court's denial of her motion for further findings of fact.  Vallieres argues that the court erred in calculating child support by imputing an income to her that was higher than her actual income.  We agree and vacate the judgment as to child support and remand for further proceedings.

## I.  BACKGROUND

[¶2]  Jack Perreault and Vallieres were divorced in 2012.  The divorce judgment awarded them shared parental rights and responsibilities as to their two children and allocated primary physical residence to Vallieres and

reasonable rights of contact to Perreault. Significant strife later arose between the parties concerning contact with and residence of the children. Both parties filed motions for contempt, and Perreault also moved to modify the divorce judgment as to the children's residence, child support, and his rights of contact.

[¶3] The District Court held a hearing on all pending motions on February 16, 2022. The court granted Perreault's motion to modify and signed an amended divorce judgment on April 15, 2022.[1] In making its income calculations for child support, the court found, based on Perreault's child support affidavit, that his income was $85,000. The court imputed $47,840 in annual income to Vallieres, stating as follows:

> Defendant's income is based on her hourly rate of $23.00 as set forth in Defendant's Exhibit 13 imputed to a full-time schedule of 40 hours/week.

In a footnote to this finding, the court stated that Vallieres "provided documents that reflect her income history, but, inexplicably, [she] has not filed any Child Support Affidavits." *See* 19-A M.R.S. § 2004(1) (2023). Defendant's Exhibit 13, upon which the court relied, consisted of fifty-five pages of pay stubs from Vallieres's employer, covering pay periods from December 29, 2019, through

---

[1] Although the court found that each party had been in contempt of the divorce judgment in the past, it did not conclude that any sanction was warranted. It also denied Vallieres's second motion for contempt and her motion for counseling. The parties do not contest the court's findings and orders on these motions.

January 15, 2022.[2]  The court made no other findings regarding Vallieres's income.

[¶4]  Following the entry of the court's judgment, Vallieres timely moved for further findings of fact, to correct a clerical error, and to alter or amend the judgment.  *See* M.R. Civ. P. 52(a)-(b), 59(e), 60(a).  In her motion, she asked the court to find that her income was $37,287.  The court denied her motions on May 23, 2022, stating, "See M.R. Civ. P. 108(f)(2)(A)(i)" and, "The Order contains sufficient facts for appellate review."  Vallieres timely appealed. 14 M.R.S. § 1901(1) (2023); M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

[¶5]  We review for clear error the amended divorce judgment's factual findings, including whether Vallieres is voluntarily underemployed.  *See Carolan v. Bell*, 2007 ME 39, ¶ 19, 916 A.2d 945; *see also Ehret v. Ehret*, 2016 ME 43, ¶¶ 13-14, 135 A.3d 101.  We review for an abuse of discretion the denial of a motion for further findings of fact.  *Klein v. Klein*, 2019 ME 85, ¶ 5, 208 A.3d 802.  Because the court denied Vallieres's motion for further findings of fact, we

---

[2]  Also admitted in evidence were detailed printouts of all the federal and state unemployment benefits that Vallieres received during the pandemic and Vallieres's federal and state 2019 tax returns.

4

will not infer any findings that the court did not expressly state in its judgment.

*See Ehret*, 2016 ME 43, ¶ 9, 135 A.3d 101. As we stated in *Ehret*,

> [a]fter the entry of a judgment, if an affected party timely moves for findings pursuant to M.R. Civ. P. 52, the trial court must ensure that the judgment is supported by express factual findings that are based on record evidence, are sufficient to support the result, and are sufficient to inform the parties and any reviewing court of the basis for the decision. . . . [I]f the judgment does not include specific findings that are sufficient to support the result, appellate review is impossible and the order denying findings must be vacated.

*Id.* (citations and footnote omitted). Thus, our review is confined to the court's explicit findings and "whether those findings are both supported by the record and adequate to support" the judgment regarding income and child support. *Id.* ¶ 12.

[¶6] The child support statutes permit a court to impute income as follows:

> Gross income may include the difference between the amount a party is earning and that party's earning capacity when the party voluntarily becomes or remains unemployed or underemployed, if sufficient evidence is introduced concerning a party's current earning capacity.

19-A M.R.S. § 2001(5)(D) (2023).

[¶7] The record suggests that Vallieres was earning $23 per hour but generally worked somewhat less than forty hours per week. Testimony during the hearing hardly touched on the topic of Vallieres's work and did not touch

on her income.[3]  The court did not make any findings concerning the amount that Vallieres was actually earning or whether she was voluntarily unemployed or underemployed, and it did not describe its evidentiary basis for finding that her earning capacity should be based on a forty-hour work week.  *See* 19-A M.R.S. § 2001(5)(D).  In short, the court simply did not discuss the record evidence before it.

[¶8]  We note that Vallieres is not necessarily underemployed merely because she worked fewer than forty hours per week, especially if she was working the hours available from her employer. *See Carolan*, 2007 ME 39, ¶ 20, 916 A.2d 945.  We have explained that "[a] parent who has a full-time job consistent with the parent's education and experience, but who works less than a forty-hour week, is not[] thereby subject to having his or her income recalculated to a forty-hour per week equivalent for child support calculation purposes." *Id.*

[¶9]  Because Vallieres moved for specific findings of fact, the court was required "to do more than recite the relevant criteria and state a conclusion."

---

[3]  Perreault submitted a proposed order and child support worksheet at the hearing suggesting Vallieres's income was $40,156.  In his written closing argument, Perreault argued that Vallieres's income should be imputed for periods during the pandemic when she was "earning less than minimum wage as she chose to voluntarily under-employ," but he did not argue she was underemployed thereafter.  He also suggested that her income was $43,689.73 for 2021.  Vallieres calculated her current income at $37,287.71.  Neither party suggested Vallieres's annual income was $47,840.

6

*Bayley v. Bayley*, 602 A.2d 1152, 1154 (Me. 1992). The findings the court made are insufficient to enable appellate review because they do not indicate the court's basis for imputing income to Vallieres.

[¶10] In its judgment imputing income to Vallieres, the court referenced her failure to file a required child support affidavit under 19-A M.R.S. § 2004(1). Section 2004(1)(D) permits the court to either "[i]mpose economic sanctions" or "[p]resume for the purpose of determining a current support obligation that the party has an earning capacity equal to the average weekly wage of a worker in this State as determined by the most recent Department of Labor statistics." The statute provides that the court may use a different income only "if there is sufficient reliable evidence to conclude reasonably that the noncomplying party earns a greater or lesser actual income" than that determined by the Department of Labor statistics. *Id.* § 2004(1)(D)(2). Here, the court did not impose any economic sanctions and did not reference or use Department of Labor statistics, and there was no reliable evidence to support a different income. As a result, section 2004(1)(D) cannot support the court's decision to impute income to Vallieres.

[¶11] The court cited Maine Rule of Civil Procedure 108(f)(2)(A)(i) in its order denying Vallieres's motions for further findings and to alter or amend the

judgment. Rule 108(f)(2)(A)(i) permits the court to calculate a party's income using the statutory minimum wage for a forty-hour work week.[4] The court did not use the statutory minimum wage but used Vallieres's hourly rate of $23 to calculate her income. Thus, Rule 108 also fails to support the court's decision to impute income to Vallieres.

[¶12] Because the District Court's judgment does not contain findings of fact concerning Vallieres's income or underemployment "sufficient to inform the parties of the reasoning underlying its conclusion and to provide for effective appellate review," *Dube v. Dube*, 2016 ME 15, ¶ 13, 131 A.3d 381, we vacate the court's child support judgment and remand for further proceedings regarding child support.

---

[4] Maine Rule of Civil Procedure 108(f)(2) provides as follows:

> (2) Notwithstanding a party's failure to file a child support affidavit, the court shall enter a child support order within 63 days after the case management conference unless the parties demonstrate that the child(ren)'s needs are being met. If a party fails to file a child support affidavit without good cause, the court may take any of the following actions:
>
> (A) Set that party's gross income in accordance with:
>
>> (i) The statutory minimum wage for a 40-hour work week;
>>
>> (ii) Maine Department of Labor statistics;
>>
>> (iii) An affidavit submitted by or testimony of the opposing party; or
>>
>> (iv) Information included in that party's most recent federal income tax return.

The entry is:

> Judgment as to child support vacated. Judgment affirmed in all other respects. Remanded for further proceedings consistent with this opinion.

---

E. Chris L'Hommedieu, Esq., Lewiston, for appellant Briana Vallieres

Tiffany Bond, Esq., BondLaw, Portland, for appellee Jack Perreault

Lewiston District Court docket number FM-2021-510
FOR CLERK REFERENCE ONLY