2009 ME 13

**John E. SKIBINSKI**

v.

**Kay F. SKIBINSKI.**

Supreme Judicial Court of Maine.

Argued: Jan. 13, 2009.

Decided: Feb. 10, 2009.

Susan M. Schultz, Esq. (orally), Givertz, Hambley, Scheffee & Lavoie, P.A., Portland, ME, for Kay F. Skibinski.

Peter E. Rodway, Esq. (orally), Rodway & Horodyski, P.A., Portland, ME, for John E. Skibinski.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶ 1] Kay F. Skibinski appeals from a divorce judgment entered in the District Court (Bridgton, *Goranites, J.*) following a hearing. She contends, among other things, that the court erred in treating her vested and matured teaching pension as property and not merely as a stream of income and in failing to consider John E. Skibinski's Social Security benefits in the division of marital property. Finding no error, we affirm the judgment.

## I. BACKGROUND

[¶ 2] Kay and John Skibinski married in December 1990. When John filed for divorce in May 2006, both he and Kay were retired and collecting their respective benefits. John was sixty-six years old; Kay, sixty-seven.

[¶ 3] During the divorce proceedings, the parties stipulated to the values of their retirement pensions and other property. Kay, a retired teacher who worked in Maine before the marriage and Nevada during the marriage, was collecting from a Maine Public Employees Retirement System pension and from a Nevada State Teacher's Pension. Kay also had a separate account for an inheritance from her mother. John, a retired pilot, had a pension from Frontier Airlines, where he worked before the marriage. However, his main source of income was the Social Security benefits that he received.

[¶ 4] John and Kay jointly owned a house in Harrison valued at $320,000 with a $36,000 mortgage balance. Kay also owned her own house in Brunswick, which she bought before the marriage.

[¶ 5] In the divorce judgment, the court determined that Kay's Nevada teaching pension was marital property because she contributed to it during the marriage. The court awarded the entire value of that pension to Kay and divided the remainder of the marital property accordingly. The house in Harrison also was considered marital property, except for a small portion allocated to Kay as nonmarital property to reflect a contribution that she made from her own funds when the house was refinanced. In dividing the marital portion of the house, the court awarded $39,311 of the value to Kay and $265,000, less the mortgage balance, to John. Additionally, the court stated that although it was prohibited by law from treating John's Social Security benefits as marital proper-

ty, it had considered those benefits as a relevant factor in reaching an equitable division of the parties' property.

## II. DISCUSSION

[¶ 6] We review a trial court's division of marital property for an abuse of discretion. *Nadeau v. Nadeau*, 2008 ME 147, ¶ 42, 957 A.2d 108, 120. However, the determination of the law that is applied to the particular facts of a case is reviewed de novo. *Spooner v. Spooner*, 2004 ME 69, ¶ 7, 850 A.2d 354, 358.

[¶ 7] When dividing property in a divorce action, the court must set apart to each party that party's nonmarital property and must "divide the marital property in proportions the court considers just after considering all relevant factors." 19–A M.R.S. § 953(1) (2008). When a party to a divorce has vested rights to a pension that accrued during the marriage, the court should determine the present value of that pension and assign the value to the marital estate to be subject to division. *See Noyes v. Noyes*, 617 A.2d 1036, 1038 (Me.1992).

[¶ 8] Because Congress has prohibited a beneficiary from transferring or assigning Social Security benefits to another, *see* 42 U.S.C.S. § 407(a) (LexisNexis 2008), a court may not treat Social Security benefits as marital property subject to division or as a direct offset in dividing marital property. *Depot v. Depot*, 2006 ME 25, ¶¶ 10–11, 893 A.2d 995, 999–1000. We recognize that state or private pensions appear to be very similar to Social Security benefits when they are both in payout status. They are not, however, identical species of assets. Thus, even when the spouses are both receiving monthly checks, courts are constrained to treat the Social Security benefits differently than the pensions. To assure that the parties are treated fairly, courts are re-

quired to consider the receipt of the Social Security benefits when dividing the marital property. That is what the court did here.

[¶ 9] In the matter before us, the court specifically noted in the judgment that it considered John's Social Security benefits in dividing the marital property. Kay argued that despite this statement by the court, the final division of property contained no indication that the court actually considered John's benefits. She also argued that because she was retired and had started receiving benefits from her Nevada pension, the court erred in treating the pension as a marital asset. She argued that the court should have considered the pension only as a stream of income and awarded her a larger percentage of the Harrison house.

[¶ 10] The court properly treated Kay's Nevada pension as property and assigned it to the marital estate, and the court did not abuse its discretion in awarding Kay the entire value of that pension and, as a result, a smaller percentage of the value of the house in Harrison. The court did not err in its legal treatment of her pension, and its distribution of the marital property fell within the bounds of its discretion.

[¶ 11] Additionally, because federal law prohibits treating John's Social Security benefits in the same manner as Kay's pension, the court did precisely what we instructed courts to do in *Depot*. The final result gives us no reason to doubt that the court carefully considered John's Social Security benefits in deciding how to divide the marital estate.

[¶ 12] We have made it clear that a just distribution is not synonymous with an equal distribution; rather the division must be "fair and just considering all of the circumstances of the parties." *Murphy v. Murphy*, 2003 ME 17, ¶ 27, 816 A.2d 814, 822 (quotation marks omitted).

We are satisfied that the court accomplished this goal in this case. Thus, we will not disturb the division of property.

[¶ 13] We also will not disturb the court's decisions to award $1000 in attorney fees to John and deny spousal support to Kay. Both decisions were within the bounds of the court's discretion. *See Wooldridge v. Wooldridge,* 2008 ME 11, ¶ 12, 940 A.2d 1082, 1085 (attorney fees); *Warren v. Warren,* 2005 ME 9, ¶ 21, 866 A.2d 97, 101 (spousal support).

The entry is:

Judgment affirmed.