MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2015 ME 6
Docket:       Cum-14-174
Submitted
 On Briefs:   December 18, 2014
Decided:      January 29, 2015

Panel:        SAUFLEY, C.J., and MEAD, GORMAN, JABAR, and HJELM, JJ.

## MARIA K. VIOLA

v.

## GORDON E. VIOLA

MEAD, J.

[¶1]   Gordon E. Viola appeals from a divorce judgment entered by the District Court (Portland, *Mulhern, J.*) ordering him to pay spousal support, marital debt obligations, and attorney fees to Maria K. Viola.  We vacate the portion of the judgment regarding attorney fees and remand for redetermination of a reasonable amount.  We affirm the judgment in all other respects.

## I.  BACKGROUND

[¶2]  The court found the following facts, which are supported by evidence in the record.   Gordon and Maria Viola were married in South Portland on February 14, 1992.  A few months prior to their marriage, Gordon purchased a house at 44 Stillman Street in South Portland for use as a family residence.  On June 6, 2008, Gordon conveyed the property to both parties as joint tenants.  The

2

Stillman Street property has a fair market value of about $300,000 and an associated mortgage debt of about $87,000.

[¶3]     On September 19, 2012, Maria filed for divorce. On November 13, 2012, the parties opened a $100,000 home equity line of credit secured by the Stillman Street property. Using those funds and an additional $10,000 of marital funds, they purchased a property at 7 Rangeley Road in Windham. The parties stipulated to an interim order pursuant to which Maria would reside at the Stillman Street property and Gordon would reside at the Rangeley Road property. Gordon was also ordered to obtain a conventional mortgage and pay off the home equity loan as soon as possible.[1] The current fair market value of the Rangeley Road property is about $150,000.

[¶4]  At the time of the trial, Gordon was fifty-one years old and employed as a merchant mariner. He earned about $90,000 in 2013. Maria was forty-seven years old and had been a stay-at-home mother for seventeen years. During that time, she ran the household, raised the children, and handled the family finances. At the time of the trial, Maria was earning about $13 per hour working in a temporary position that would be ending soon. She had applied online for numerous positions paying $10 to $12 per hour and attended job interviews but

---

[1]  Gordon had neither paid off the home equity loan, nor obtained a conventional mortgage, at the time of the final divorce hearing.

received no offers. Her job search was hindered by Gordon, who failed to pay the phone and internet bills as ordered, resulting in a disruption of both services. Maria also suffers from a number of serious medical conditions and is required to take multiple prescriptions. She is currently covered by Gordon's health insurance.

[¶5] A trial was held over the course of two days on December 31, 2013, and January 13, 2014. The court ordered the Rangeley Road property sold in order to pay off (1) the home equity loan on the Stillman Street property; (2) marital debt of approximately $37,000; (3) real estate taxes owed on the Stillman Street property as of December 31, 2013; and (4) Maria's attorney fees in the amount of $25,000. The court made Gordon responsible for any deficiency concerning those obligations, and entitled him to any remaining proceeds from the sale of the Rangeley Road property after all debt encumbering that property was satisfied. Maria was awarded the Stillman Street residence and was assigned responsibility for the associated mortgage and utilities, as well as the potential liability for student loans that she had co-signed for her daughter. The court additionally ordered Gordon to pay $2,250 per month in spousal support to Maria.

## II. DISCUSSION

[¶6] Gordon argues that the divorce court abused its discretion by (1) awarding spousal support; (2) ordering an unequal division of the marital assets

4

and debts; and (3) ordering him to pay Maria's attorney fees. We examine his claims in turn.

A.    Spousal Support

[¶7]   We have stated that "[w]e will disturb a divorce judgment only if (1) the court's factual findings are clearly erroneous, (2) the court has erred as a matter of law, or (3) the court has abused its discretion in crafting the judgment." *Doucette v. Washburn,* 2001 ME 38, ¶ 7, 766 A.2d 578. "General support may be awarded to provide financial assistance to a spouse with substantially less income potential than the other spouse so that both spouses can maintain a reasonable standard of living after the divorce." 19-A M.R.S. § 951-A(2)(A) (2014). "We review an award of spousal support for an abuse of discretion, which includes review of the facts upon which the award is based for clear error." *Finucan v. Williams,* 2013 ME 75, ¶ 14, 73 A.3d 1056.

[¶8]  The court awarded Maria spousal support in the amount of $2,250 per month, finding that

> general spousal support at this level is appropriate given the significant disparity in the parties' incomes; [Maria's] significant health issues; [Gordon's] excellent health and employability; [Maria's] need for health insurance and prescription drug coverage, as well as anticipated out of pocket costs for her significant health issues which are not entirely covered by any insurance she is able to obtain.

Given the support in the record for the reasoning articulated by the court, we discern no clear error and no abuse of discretion.

B.     Property Division

[¶9]  We review the division of marital property for an abuse of discretion and will not disturb a property distribution "if there is competent evidence in the record to support it."  *Nadeau v. Nadeau*, 2008 ME 147, ¶ 42, 957 A.2d 108; *Lesko v. Stanislaw,* 2014 ME 3, ¶ 17, 86 A.3d 14 (quotation marks omitted).  It is for the divorce court to "divide the marital property in proportions the court considers just after considering all relevant factors . . . ."  19-A M.R.S. § 953(1) (2014).  Concerning the division of marital property, "a just distribution is not synonymous with an equal distribution; rather the division must be fair and just considering all of the circumstances of the parties."  *Skibinski v. Skibinski,* 2009 ME 13, ¶ 12, 964 A.2d 641 (quotation marks omitted).

[¶10]  The court awarded the majority of the marital assets to Maria and the majority of the marital debts to Gordon.  Gordon was also ordered to pay off the home equity loan, the real estate taxes owed on the Stillman Street residence through December 31, 2013, and all of the marital debt incurred by Maria, which totaled approximately $37,000.  The divorce judgment demonstrates that the court took into account the contributions of each spouse in acquiring the marital property, the value of the property, the economic behavior of each party, and the

6

current economic circumstances of each party, among other things. *See* 19-A M.R.S. § 953(1). Although the distribution is not equal, the court explained its reasoning and the record supports it. There is therefore no error or abuse of discretion in the court's division of property. *See Skibinski*, 2009 ME 13, ¶ 12, 964 A.2d 641.

C.    Attorney Fees

[¶11]  We review a divorce court's award of attorney fees for an abuse of discretion. *Laqualia v. Laqualia,* 2011 ME 114, ¶ 33, 30 A.3d 838. "The determination of whether to award attorney fees . . . in a domestic relations matter is committed to the sound discretion of the trial court." *Nadeau,* 2008 ME 147, ¶ 59, 957 A.2d 108 (quotation marks omitted). "The party seeking attorney fees must, at the very least, introduce: (1) an affidavit attesting to the fee arrangement between the counsel and client; (2) the counsel's customary hourly rate; and (3) other basic facts necessary to allow the court to make a determination as to what constituted reasonable fees." *Id.*

[¶12]  The affidavit provided by Maria's attorney shows nonitemized total dollar amounts for hourly work, related costs, unspecified services, and trial preparation. It provides an hourly rate and a total estimate of $18,585, inclusive of a one-day hearing. The hearing lasted for two days, and the court ordered Gordon to pay Maria $25,000 in attorney fees. Although the awarding of attorney fees is

well within the discretion of the court, in this instance there is a lack of evidence to support the reasonableness of the awarded amount, which apparently includes an unexplained additional twenty-one hours of work at the attorney's hourly rate. As the record currently stands, the award is not justified by Maria's counsel's affidavit.

[¶13] Finally, Gordon has been ordered to pay approximately $37,000 of marital debt, which is primarily Maria's credit card debt. There is a suggestion in the record that as much as $16,000 of that credit card debt reflects a payment by Maria to her attorney, but the judgment is unclear as to the relationship between the marital debt and the attorney fee award. Without further clarification, Gordon may have been ordered to pay approximately $41,000 in attorney fees to Maria. If so, that amount is not justified by the current record. Accordingly, we vacate the attorney fee award and remand for reconsideration and clarification of the court's judgment as it relates to Gordon's obligation to pay all or some of the attorney fees Maria incurred.

The entry is:

> Judgment vacated regarding attorney fees. Remanded to the District Court for reconsideration and clarification concerning Gordon's obligation to pay Maria's attorney fees. Judgment affirmed in all other respects.

**On the briefs:**

Paul Aranson, Esq., Sanford, for appellant Gordon E. Viola

Janet K. Kantz, Esq., Vincent, Kantz, Pittman & Thompson, LLC, Portland, for appellee Maria K. Viola

Portland District Court docket number FM-2012-989
FOR CLERK REFERENCE ONLY