MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2017 ME 111
Docket:       Cum-16-300
Submitted
  On Briefs:  April 27, 2017
Decided:      June 6, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

ADRIANA M. BERNTSEN

v.

DAVID L. BERNTSEN

MEAD, J.

[¶1]  Adriana M. Berntsen appeals from a judgment of divorce from David L. Berntsen entered in the District Court (Portland, *J. French, J.*).  Adriana contends that the court erred or abused its discretion (1) by limiting her financial discovery from a third party; (2) in its valuation of marital property; (3) by failing to find that David's discovery violations constituted economic misconduct; (4) by making insufficient findings supporting its award of spousal support and failing to award her additional support; and (5) declining to award her attorney fees.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  Following a contested hearing, the court made the following findings, which are supported by the record.  *See Hutt v. Hanson*, 2016 ME 128,

¶ 2, 147 A.3d 352.  Adriana and David were married in Italy on May 6, 1982. David was serving in the U.S. Army, and Adriana "was the homemaker and caregiver" of their four children while the family relocated to various places. David retired from the military in 1998, and the family eventually all moved to Maine by 2002.  In 2011, the marriage broke down, and Adriana moved to Florida.  David agreed to give Adriana his military pension payments for support, and Adriana also worked part-time at a military base selling cosmetics. She had sold cosmetics part-time in the past, but had not worked outside the home while residing in Maine.

[¶3]  In 2013, David met his current partner.  He told Adriana about his partner in September of that year.  In June 2014, without Adriana's knowledge or consent, David liquidated his IRA valued at about $61,000 and put most of the funds into a bank account he owned jointly with his partner.  Around that time, he also borrowed about $11,000 against his 401(k) account.  David used the IRA funds and loan proceeds to purchase and renovate a condominium in his partner's name, where he and his partner currently reside.

[¶4]  Adriana returned to Maine in October 2014 and filed a complaint for judicial separation; David counterclaimed for divorce.  On December 17, 2014, the court (*Goranites, J.*) entered an interim order on the parties' points of

agreement resulting from mediation by which they would maintain their current life insurance policies and that David would pay Adriana $2,000 per month in spousal support.

[¶5]  On October 30, 2015, Adriana served a subpoena to take David's partner's deposition and for production of documents related to her finances and the condominium.  The court (*Kelly, J.*), in an order entered without specific findings, granted David's partner's motion to quash.  On March 2, 2016, Adriana subpoenaed David's partner to testify at the divorce hearing and produce financial documents.  David's partner filed another motion to quash.

[¶6]  A contested hearing was held on March 15 and 23, 2016.  At the outset of the hearing, the court (*J. French, J.*) reminded the parties that it had ruled at a discovery conference conducted during the previous week that the subpoena for the appearance of David's partner would not be quashed, but she would not be required to produce any documents that had not been under David or Adriana's control.  After giving the parties the opportunity to argue the motion further, the court elaborated on its decision, ruling that Adriana did not need documents from David's partner to make her arguments at trial and that they were irrelevant to the issue of the division of marital property.  The court also emphasized that while it would not limit Adriana's access to relevant

4

information, it was taking into consideration "the burden [on] and privacy o[f] a nonparty."

[¶7] In a judgment dated April 11, 2016, the court found that David had engaged in economic misconduct when he borrowed against the 401(k) account and liquidated the IRA—actions that collectively reduced the marital estate by $72,000—and stated that this misconduct was a factor in determining the property distribution and spousal support. The court found that David's 401(k) account is currently worth about $31,317 but is subject to a loan of approximately $10,000 that he used for improvements to the condo; he earns a salary of $85,686.90 per year; and he has a military retirement pension, 82% of which is marital, from which he receives monthly payments of $1659.10. Concerning Adriana, the court found that she earns $10.10 per hour working up to 30 hours per week at a department store selling cosmetics. The court also found, however, that she is able to work up to 40 hours per week and earn commissions, and it therefore determined that her earning potential is at least $21,008 per year.

[¶8] The court awarded Adriana general spousal support of $1,500 per month, as well as reimbursement support of $237 per month for a period of ten years. The court explained that it carefully considered the factors

enumerated in 19-A M.R.S. § 951-A(5) (2016), "including but not limited to the length of the marriage, Adriana's contributions as homemaker, and David's economic misconduct." It also awarded Adriana 100% of the remaining balance of the 401(k) account and 59% of the marital portion of David's military pension. The judgment ordered that David and Adriana each retain ownership of the personal property already in their possession and their personal bank accounts, which the court found to be equal in value. The court declined to award attorney fees to either party, noting that both parties had incurred "substantial legal fees" and "consider[ing] the manner in which both parties litigated the case."

[¶9] Adriana moved for amended or additional findings of fact and conclusions of law pursuant to M.R. Civ. P. 52(b), which the court denied. This timely appeal followed. *See* M.R. App. P. 2.

## II. DISCUSSION

### A. Limitations on Financial Discovery

[¶10] Adriana contends that the court erred when it limited her discovery by effectively granting David's partner's motions to quash the subpoenas for her deposition and for the production of her personal financial documents. "We review a court's decision on a motion to quash for an abuse of

6

discretion." *State v. Marroquin-Aldana*, 2014 ME 47, ¶ 33, 89 A.3d 519; *see also State v. Watson*, 1999 ME 41, ¶ 5, 726 A.2d 214; *Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 17, 742 A.2d 933 ("A party aggrieved by a discovery order must show . . . that the trial judge committed error in the discovery ruling despite the considerable discretion vested in the judge . . . ." (quotation marks omitted)).

[¶11]  Generally, the scope of discovery in civil proceedings is broad, and "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." M.R. Civ. P. 26(b)(1); *see* 2 Harvey & Merritt, *Maine Civil Practice* § 26:3 at 643-48 (3d, 2016-2017 ed.).  However, "[t]he broad scope of discovery generally permitted in civil actions is restricted in divorce proceedings," largely to "money and property matters."  Levy, *Maine Family Law* § 4.4[1] at 4-14 (8th ed. 2013); *see* M.R. Civ. P. 112(a)(1) ("In any proceeding under this chapter, a party may obtain discovery on issues of spousal and child support, counsel and guardian ad litem fees, and disposition of property and debt as in any other civil actions.").

[¶12]  Here, it was within the court's discretion to quash the subpoenas for David's partner's deposition and production of personal financial

documents. She was not a party to the case, and, on this record, it was not an abuse of discretion for the court to determine that records pertaining to David's finances and the testimony of both David and his partner were sufficient to demonstrate his financial status and inform the court's awards of spousal support and distribution of marital property.[1]

B. Findings Regarding the Value of Marital Property

[¶13] Adriana asserts that there is insufficient evidence to support the court's findings regarding the balances in the parties' bank accounts. She also asserts that the court erred in finding that the value of David's 401(k) account was about $21,000 when a document produced by David at the hearing showed it has a net value of $25,270.49. "We review a divorce court's determination of the value of marital property for clear error." *Burrow v. Burrow*, 2014 ME 111, ¶ 20, 100 A.3d 1104 (quotation marks omitted). The court's valuation of assets "must reflect a reasoned evaluation by the court of all of the evidence." *Cole v. Cole*, 561 A.2d 1018, 1020 (Me. 1989).

---

[1] We note that at the hearing, Adriana had the opportunity to inquire of David's partner—and did so extensively—regarding her employment and income, joint living expenses incurred with David, the condominium purchase and renovations, and specific transactions as shown on bank statements for an account she owns jointly with David. Additionally, David testified that he had used money from the IRA and 401(k) account to, among other things, purchase the condominium in his partner's name.

[¶14]  The court found that the parties' bank account balances "fluctuate in value" and were "equal for purposes of the division of marital property."  The record supports these findings: David testified from memory that he had less than $100 in one account, $400-500 in the account jointly owned with his partner, and $300-400 in another account.  Adriana's financial statement indicated that she has two checking accounts containing $500 and $1,330.77 respectively, as well as $65 in a savings account.  Evidence indicated that the balances of the parties' bank accounts fluctuated.  Overall, the court's findings regarding the parties' bank accounts reflect a "reasoned evaluation" of the evidence, and are not clearly erroneous.  *Peters v. Peters*, 1997 ME 134, ¶ 14, 697 A.2d 1254 (quotation marks omitted).

[¶15]  Regarding the 401(k) account, the court found that it was worth about $21,000; however, an account statement dated March 11, 2016, indicates that the 401(k) account has a vested value of $35,091.03 and is subject to a $9,820.54 loan, making it worth $25,270.49.  Nonetheless, any error in the court's finding as to the value of the 401(k) account actually inures to Adriana's benefit because the court ordered David to transfer "100% of the 401(k) less the loan balance" to her, which resulted in her receiving a larger award than the court had accounted for in its order.

C. Economic Misconduct

[¶16] Although the court found that David committed economic misconduct when he liquidated his IRA and took a loan against his 401(k) account, Adriana asserts that the court erred when it did not find that David committed economic misconduct when he failed to sign and file an updated financial statement; failed to produce a letter indicating that he gave a $50,000 "gift" to his partner, contradicting his deposition testimony that he made no such gifts; and concealed money received from his partner used to pay for his living expenses. We review the court's finding that a party did or did not commit economic misconduct for clear error. *Catlett v. Catlett*, 2009 ME 49, ¶ 31, 970 A.2d 287.

[¶17] At the hearing, David identified his financial statement, which was admitted as an exhibit, and explained that he "[didn]'t know" why it wasn't signed; he also testified to his current income, assets, and expenses. Accordingly, the court had evidence regarding David's finances and did not err by declining to find that the failure to sign his affidavit constituted economic misconduct.

[¶18] Concerning the gift letter, David testified that he had not initially remembered that the gift letter existed and could not recall the circumstances

10

surrounding his signing of the letter. He had failed to disclose the gift or reference any letter regarding any gifts in his deposition and answers to Adriana's interrogatories. David testified that the $50,000 transaction mentioned in the gift letter corresponds to the money that he received when he drew from the IRA. The court found that David committed economic misconduct when he liquidated that asset, and considering the court's discretion in determining witness credibility, *see Hutt*, 2016 ME 128, ¶ 14, 147 A.3d 352, did not clearly err by failing to find that David committed additional misconduct by failing to produce the gift letter at an earlier time.

[¶19] David's partner testified that she gave him $1,500 per pay period to pay bills, but David contradicted his partner's testimony and asserted that those amounts were applied to her own attorney fees—not to him. We find no error in the court's declining to specifically find, upon this conflicting testimony, economic misconduct regarding the manner in which David may have paid his expenses pending the divorce.

D.    Spousal Support

[¶20]    Adriana asserts that the court made insufficient findings to support its awards of general spousal support and reimbursement support, and that it erred by declining to award a higher amount of support. We review an

award of spousal support for an abuse of discretion. *Dube v. Dube*, 2016 ME 15, ¶ 10, 131 A.3d 381. Because Adriana moved for further findings of fact and her motion was denied, "we cannot infer findings from the evidence in the record." *Douglas v. Douglas*, 2012 ME 67, ¶ 27, 43 A.3d 965. "Instead, the court's decision must include sufficient findings to support its result or the order must be vacated." *Id.*

[¶21]  In an order awarding spousal support, the court must make "sufficient findings to inform the parties of the reasons for its conclusions, and to allow for effective appellate review." *Finucan v. Williams*, 2013 ME 75, ¶ 15, 73 A.3d 1056 (quotation marks omitted). However, "a court is not required to detail the rationale it uses to reach each finding of fact or conclusion of law." *Miele v. Miele*, 2003 ME 113, ¶ 11, 832 A.2d 760.

[¶22]  Here, the court awarded Adriana general support in the amount of $1,500 per month. The court stated that it carefully considered the statutory factors prescribed in 19-A M.R.S. § 951-A(5), "including but not limited to the length of the marriage, Adriana's contributions as homemaker, and David's economic misconduct," and it made findings pertaining to those factors. The court found that while David was in the military, Adriana did not work out of the home and was the "homemaker and caregiver" of the parties' four children;

made thorough findings regarding the parties' employment histories; and found that David has an annual salary of $85,686.90, and that Adriana can earn at least $21,008 per year through her hourly wages and commission at the department store.[2]  These findings were not clearly erroneous, and the court did not abuse its discretion in its award of general spousal support.

[¶23]  The court also awarded Adriana reimbursement support in the amount of $237 per month for ten years, citing David's economic misconduct. Although the court did not explain in detail its methodology for computing reimbursement support, we note that the court awarded the entire remaining balance in the 401(k) account to Adriana due to David's economic misconduct, and that the reimbursement support figure, when computed to a ten-year total, approaches nearly half of the value of the $61,000 IRA that David liquidated.

[¶24]  Adriana's Rule 52(b) motion did not request greater specificity regarding the court's methodology in awarding reimbursement support; it simply asks the court to "incorporate the following finding[] of fact and conclusion[]of law":

> 15.  The Court amends its finding that the Defendant shall pay
> Ms. Berntsen reimbursement support, for a period of 10 years, in

---

[2] Contrary to Adriana's contention, this finding is supported by the record.  Adriana testified that she can choose the shifts and hours that she works at the department store, "can count on the hours that [she] will work" due to her "good rapport" with other employees, and sells "quite a bit of product," on which she earns a three percent commission.

the amount of $237 per month. Absent the Defendant's economic misconduct, Ms. Berntsen would have been entitled to 50% of the depleted asset, or $36,000. The Court amends the reimbursement support to $328.66 per month for a period of 10 years.

The court's methodology in determining an amount of reimbursement support clearly paralleled Adriana's approach but did not use the balance of the depleted marital estate as an express starting point.[3] Accordingly, we discern no error in the findings underlying the court's award, *see Miele*, 2003 ME 113, ¶ 11, 832 A.2d 760; *Bayley v. Bayley*, 602 A.2d 1152, 1154 (Me. 1992) ("[W]here a party has moved for *specific* findings of fact the divorce court is obliged to do more than recite the relevant criteria and state a conclusion." (emphasis added)), and, given the other provisions of the judgment, no abuse of discretion in the amount of reimbursement support awarded.

E.    Attorney Fees

[¶25]  Finally, Adriana contends that the court erred by failing to award her attorney fees. "We review the court's decision not to award attorney fees for an abuse of discretion." *Jandreau v. LaChance*, 2015 ME 66, ¶ 29, 116 A.3d 1273. "[T]he court has discretion to consider all factors that reasonably bear on the fairness and justness of the award," including "the

---

[3]  Because the court awarded Adriana the entire remaining balance of the 401(k) account, the additional awarding of reimbursement support amount based upon that same amount would create a double recovery.

parties' relative capacity to absorb the costs of the litigation and conduct by one party that increases the costs of the litigation." *Id.* (quotation marks omitted).

[¶26]  In declining to award attorney fees, the court explained:

> An award of counsel fees is based upon all relevant factors in determining what is fair and just under the circumstances, including the parties' relative capacity to absorb the costs of litigation.  Both parties have incurred substantial legal fees in this matter, and the [c]ourt has considered the manner in which both parties litigated the case in determining the reasonableness of the fees request.  In light of the rest of the provisions contained in the Divorce Judgment, including the award of spousal support and disposition with respect to David's military pension, the court orders both sides to bear the costs of his and her own counsel.

(Citations omitted.)

[¶27]   Here, the court properly considered the relevant factors and delineated its reasoning for declining to award attorney fees to either party. Considering the other provisions of the judgment, including the spousal support award to Adriana and the distribution of marital assets, we conclude that the court did not abuse its discretion in denying Adriana's request for attorney fees.

The entry is:

Judgment affirmed.

Jeffrey Bennett, Esq., and Joan Egdall, Esq., Legal-Ease, LLC, South Portland, for appellant Adriana M. Berntsen

Christopher P. Leddy, Esq., Ainsworth, Thelin & Raftice, P.A., South Portland, for appellee David L. Berntsen

Portland District Court docket number FM-2014-1092
For Clerk Reference Only