MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2023 ME 17
Docket:        Yor-22-221
Submitted
  On Briefs:   November 17, 2022
Decided:       March 2, 2023

Panel:         STANFILL, C.J., and MEAD, JABAR, CONNORS, and LAWRENCE, JJ.

WILLIAM B. DANIEL

v.

JENNIFER M. MCCOY

CONNORS, J.

[¶1]  Jennifer M. McCoy appeals from a judgment of the District Court (Biddeford, *Sutton, J.*) adopting, over her objection, the final order of a Family Law Magistrate (*Cadwallader, M.*) that ordered McCoy's divorce from William B. Daniel, awarded sole parental rights and responsibilities of the parties' child to Daniel, and distributed the parties' property.  Clarifying the procedural avenue a party must take to object to a magistrate's factfinding as being insufficient and the options available to the District Court when a party makes such an objection, we vacate the judgment.

## I.  BACKGROUND

[¶2]  McCoy and Daniel were married in 2016.  In July 2021, Daniel filed a complaint for divorce on the ground of irreconcilable differences.  Over the

next few months, the parties participated in case management hearings and mediation.

[¶3]  The first status conference was held by teleconference toward the end of September, and both parties appeared.  A second status conference was scheduled for November 8, 2021, via teleconference.  McCoy did not appear. The magistrate ordered that a third status conference be scheduled, again by teleconference, and noted that if McCoy failed to appear "at the next court event, she [would] be defaulted."  The order also required that Daniel send a proposed judgment to McCoy.  Roughly two weeks before the third conference, Daniel filed a document that was captioned "Stipulated Divorce Judgment."

[¶4]  McCoy failed to appear for the third status conference.  As a result, the magistrate held a hearing on Daniel's complaint for divorce and made determinations on parental rights, child support, and property division.  The magistrate went through Daniel's proposed judgment during the fifteen-minute hearing.  Daniel was the only witness, and no exhibits were entered in evidence.

[¶5]  The magistrate granted Daniel's complaint for divorce and judgment was entered on January 25, 2022.  The judgment, which is identical to the "Stipulated Divorce Judgment" that Daniel filed except that the magistrate made some minor edits, contains two findings supported by

competent evidence admitted during the hearing. *See Low v. Low*, 2021 ME 30, ¶ 2, 251 A.3d 735. First, the parties are the parents of one child who is currently four years old. Second, they are joint owners of two parcels of real estate, one in Kennebunkport and one in Strong.[1] The judgment contains a third finding not supported by competent evidence: "[Daniel] has been solely responsible for making payments on [the parties' debt consolidation] loan since June 1, 2021 . . . ."

[¶6] The remainder of the judgment contains the magistrate's allocation of parental rights and responsibilities and division of property. The magistrate awarded Daniel sole parental rights and responsibilities of the child, awarded McCoy supervised visitation at Daniel's discretion under conditions consistent with the child's "best interest," ordered that McCoy pay child support, and distributed the parties' real estate and personal property in accordance with Daniel's requests. Specifically, the magistrate awarded the Kennebunkport property to Daniel and ordered that he pay McCoy 50% of the value of the parties' equity in the property. The magistrate also ordered that the Strong property be sold and that 25% of the proceeds be set aside for anticipated

---

[1] It is not entirely clear where the second parcel of property is located. Although the judgment states that the parcel is in Strong, other filings in the record reflect that it is in Avon.

4

capital gains taxes, with any unused proceeds from the sale to be used to pay off the debt consolidation loan and then split equally between the parties.

[¶7]  Regarding the parties' personal property, the magistrate awarded Daniel, inter alia, a Ford F-250 truck and McCoy any vehicle she had acquired since the parties separated.  The magistrate also awarded McCoy a Subaru Impreza, even though there was no mention of this vehicle during the hearing.

[¶8]  McCoy, acting pro se, timely filed, pursuant to M.R. Civ. P. 118(a), an objection to the final order of the magistrate.  McCoy requested that the court reject the order, schedule a new final hearing, and order that Daniel pay for an attorney for her.  The court (*Sutton, J.*) denied McCoy's request and adopted the judgment, making one correction, i.e., that McCoy did not appear for the hearing.

[¶9]  Approximately two weeks later, after obtaining counsel, McCoy filed motions (1) for relief from judgment pursuant to M.R. Civ. P. 60(b)(6), (2) to set aside the default pursuant to M.R. Civ. P. 55(c), (3) to reconsider or for a new trial pursuant to M.R. Civ. P. 59, and (4) for amended or additional factual findings pursuant to M.R. Civ. P. 52(b).  McCoy's Rule 52(b) motion requested "specific factual findings regarding the specific division of assets, debts, and

personal property" and included a list of proposed findings addressing those issues and two proposed findings concerning the child.

[¶10]  By written order entered on June 10, 2022, the same judge denied McCoy's Rule 60(b)(6) motion and Rule 55(c) motion, reasoning that she had failed to diligently pursue her legal rights.  It also denied her Rule 59 motion on the ground that the record supported the judgment.  The court did, however, grant her Rule 52(b) motion and made twelve additional findings, which were based on its own review of the record, concerning McCoy's participation in the proceedings and the value of the property.  McCoy timely appealed.  M.R. App. P. 2B(c)(1); 14 M.R.S. § 1901(1) (2022).

## II.  DISCUSSION

[¶11]  McCoy argues that the court erred or abused its discretion because, despite her motion for further findings, the court failed to state the factual basis for, and failed to consider the factors germane to, its allocation of parental rights and responsibilities and its division of the parties' property.[2]

---

[2]  McCoy also argues that the court abused its discretion in denying her Rule 60(b)(6) and Rule 55(c) motions.  Given our ruling, we need not address these arguments.

6

**A.** **When asserting that a magistrate's judgment lacks sufficient factfinding, the objecting party should make her claim in a Rule 118(a) objection, not a Rule 52 motion after the District Court has reviewed the Rule 118(a) objection.**

[¶12]  Before addressing McCoy's arguments, we must determine what findings are properly before us, i.e., solely the findings made by the magistrate contained in the divorce judgment or those findings *and* the findings made by the court after granting McCoy's Rule 52(b) motion.

[¶13]  The court adopted the magistrate's factual findings without conducting further proceedings.  *See* M.R. Civ. P. 118(a)(2).  Because the court never took evidence and merely adopted the magistrate's findings, it was error for it to grant McCoy's Rule 52(b) motion and make additional findings on its own.

[¶14]  When a party objects to a magistrate's judgment on the ground that the judgment contains insufficient factfinding, the party should file an objection pursuant to Rule 118(a) and specifically assert that there are insufficient findings to support the magistrate's judgment.  The reviewing court can then adopt the judgment, "set the matter for further hearing before a judge or magistrate[,] or recommit the matter to the magistrate with instructions."  M.R. Civ. P. 118(a)(2).

[¶15]  What the reviewing court cannot do is make its own additional findings without further hearing.  Factfinding "is not an action that could be taken by a reviewing judge, who can only consider the record as presented to the judicial officer who presided at the underlying hearing."  *Kline v. Burdin*, 2017 ME 194, ¶ 13, 170 A.3d 282.  The amendment, clarification, or creation of factual findings "can be properly accomplished only by the judicial officer who issued the findings in the first place."  *Id.*; *see Pratt v. Sidney*, 2009 ME 28, ¶ 12, 967 A.2d 685 (explaining that the court could not "make its own new findings of fact without hearing any evidence" when reviewing a challenge to the magistrate's findings).

[¶16]  Consequently, it was erroneous for the court to make additional findings on its own.  As such, the only findings properly before us on appeal are those contained in the magistrate's judgment.  Because the court adopted the magistrate's judgment,[3] we review the magistrate's factual findings for clear error and discretionary decisions for an abuse of discretion.[4]  *See Pratt*, 2009 ME 28, ¶ 7, 967 A.2d 685; *Wong v. Hawk*, 2012 ME 125, ¶ 14, 55 A.3d 425.

---

[3]  A court may modify the magistrate's judgment or order to fix a clerical error, as it did here, without setting the matter for rehearing or influencing our standard of review. *See* M.R. Civ. P. 60(a); M.R. Civ. P. 100.

[4]  As noted, McCoy filed a Rule 118(a) objection and, when the District Court denied her objection, filed various post-judgment motions, including a Rule 52(b) motion.  Her Rule 52(b) motion was inappropriate because, as discussed, the reviewing court could not make additional findings of fact

**B.     A remand is necessary because the existing record does not support the judgment.**

**1.      Parental Rights and Responsibilities**

[¶17]   Magistrates have jurisdiction to enter final orders involving parental rights and responsibilities when the matter is uncontested. *See* 4 M.R.S. § 183(1)(D)(3) (2022); *Ezell v. Lawless*, 2008 ME 139, ¶¶ 5-6, 955 A.2d 202 (noting that a magistrate entered an order concerning parental rights and responsibilities, child support, and paternity after a party failed to appear).

[¶18]   A court order establishing parental rights and responsibilities, whether entered by a magistrate or a judge, must state whether parental rights will be allocated, shared, or sole in accordance with the standard of the best interest of the child.  *See* 19-A M.R.S. § 1653(2)(D)(1) (2022).  "This standard applies without regard to whether a parent appears or fails to appear at scheduled court events."  *Ezell*, 2008 ME 139, ¶ 35, 955 A.2d 202 (Levy, J., concurring).  The court, through the magistrate or judge, makes the best

---

based on its review of the record.  A motion for further findings would be permissible if the reviewing court reopened the record pursuant to Rule 118(a)(2) and made its own findings, and a party found those new findings to be insufficient to sustain the new judgment.  Because McCoy challenges the magistrate's factfinding, or lack thereof, she needed to make her claim in her Rule 118(a) objection. Her pro se objection does not make this specific argument and simply challenges the magistrate's ruling as unjust.  Given the previous lack of clarity as to how and when to make a claim that a magistrate's factfinding is insufficient, neither McCoy nor the District Court can be faulted for failing to adhere to this procedure, and, in any event, a remand is required for the reasons set forth in Section II.B.

interest determination by considering nineteen statutory factors. *See* 19-A M.R.S. § 1653(3)(A)-(S). Although the court is required to consider the best interest factors, it need not robotically address every factor "solely for the sake of assuring the parties that it considered every factor, so long as it is otherwise evident that the court has evaluated the evidence with the best interest factors in mind." *Nadeau v. Nadeau*, 2008 ME 147, ¶ 35, 957 A.2d 108.

[¶19] Here, the only finding in the parental rights portion of the judgment is that McCoy and Daniel are the child's parents. The judgment contains no reference to the best interest factors as a whole or to any factor in particular. *See Whitmore v. Whitmore*, 2023 ME 3, ¶ 9, --- A.3d ---. There is no indication of how the evidence supports the award of sole parental rights and responsibilities to Daniel with only supervised visitation to McCoy at Daniel's discretion and under conditions that are in the child's best interest. *Cf.* 19-A M.R.S. § 1653(1)(C) (explaining that, unless contrary to a child's best interest, "it is the public policy of this State to assure minor children of frequent and continuing contact with both parents after the parents have separated or dissolved their marriage and to encourage parents to share the rights and responsibilities of child rearing in order to effect this policy"). Although the judgment uses the phrase "best interest," it is not part of a finding—it is the

court qualifying the conditions under which McCoy may have contact with the child. We must therefore vacate the judgment and remand the matter to the trial court for further proceedings on this issue.

## 2.   Property Distribution

[¶20]   Magistrates may also distribute property in an uncontested divorce proceeding. *See* 4 M.R.S. § 183(1)(D)(3). The principles governing property distribution are the same for magistrates and judges. The division of marital property, whether through a magistrate or a judge, must be in proportions that are just. *See Viola v. Viola*, 2015 ME 6, ¶ 9, 109 A.3d 634. Importantly, "a just distribution is not synonymous with an equal distribution; rather the division must be fair and just considering all of the circumstances of the parties." *Id.* (quotation marks omitted). To make a just determination, the court must consider all relevant factors, including

**A.** The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

**B.** The value of the property set apart to each spouse;

**C.** The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live in the home for reasonable periods to the spouse having custody of the children; and

**D.** Economic abuse by a spouse.

19-A M.R.S. § 953(1) (2022).

[¶21]  When applying section 953(1), the court, through the magistrate or judge, "need not specifically enumerate [its] findings on each factor, as long as it appears that the court has considered those factors, and all other relevant factors in reaching its decision."  *Hutt v. Hanson*, 2016 ME 128, ¶ 12, 147 A.3d 352 (citations and quotation marks omitted).  "The court is only required to make findings that are sufficient to inform the parties of the court's reasoning and sufficient for effective appellate review."  *Id.* (quotation marks omitted).

[¶22]  Here, the property and debt at issue include two parcels of real estate, a Ford F-250 truck, a Subaru Impreza, a debt consolidation loan, and various items of personal property.  Beginning with the real estate, although the magistrate found that the parties are the owners of real estate in Kennebunkport and Strong, it did not assign a dollar value to each parcel of property or determine how the parties paid for the properties, whether the parties contributed in other ways to the properties, the economic circumstances of each party, or the reasoning behind each award.  Moreover, the magistrate could not have made these findings because very little evidence was admitted during the hearing.  McCoy accurately points out that Daniel's testimony was mostly a recitation of his requests, not substantive evidence.

12

[¶23]  Although there is a finding to support the allocation of the debt consolidation loan, as noted above, *see supra* ¶ 5, the record lacks competent evidence to support the finding.  Specifically, in the judgment, the magistrate noted that "[b]ecause [Daniel] has been solely responsible for making payments on the [debt consolidation] loan since June 1, 2021, the division of proceeds shall account for [McCoy's] non-contribution."  There is nothing in the record supporting the finding that McCoy has not been contributing to the loan.  Daniel testified only that he was asking the court to order that the loan be paid with the proceeds from the sale of the Strong property.

[¶24]  Thus, the magistrate's distribution of the parties' property and debt was an abuse of discretion and erroneous because there are insufficient findings in the judgment to support the awards and the record lacks competent evidence to support a finding that was made.  Although the magistrate did state on the record that Daniel's request "seems fair," that statement is not enough to inform the parties, or us on appeal, of the magistrate's reasoning behind the distribution of the parties' property.

[¶25]  We recognize that it is common practice in family matters for evidence and findings to be brief when a party fails to appear.  Many proposed judgments presented to the court, particularly at a default hearing, may not

contain all the necessary findings.  Parties and counsel should take care to present adequate evidence upon which the court can base its judgment rather than simply reciting the terms being sought.  It is, however, the responsibility of the court to ensure that the appropriate factors are considered and enumerated, at least in summary fashion, in the final judgment.

The entry is:

> Judgment vacated.  Remanded for further
> proceedings consistent with this opinion.

---

Michelle R. King, Esq., Irwin & Morris, Portland, for appellant Jennifer M. McCoy

Keith P. Richard, Esq., Archipelago, Portland, for appellee William B. Daniel

Biddeford District Court docket number FM-2021-191
For Clerk Reference Only